IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING, #26868-506, | CIVIL NO. 26-00139 LEK-WRP |
| Plaintiff, | ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| TYRONE SPEARS; *et al.*, | |
| Defendants. | |

## ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE TO AMEND

Before the Court is pro se Plaintiff Chris Grindling's Prisoner Civil Rights Complaint.  ECF Nos. 1, 4.  Grindling is currently detained at the Federal Detention Center in Honolulu, Hawaii, while he awaits trial in *United States v. Grindling*, No. 1:25-cr-00066-LEK (D. Haw.).  *See* ECF No. 1 at 1.  Grindling alleges that Defendants violated his rights by denying him access to the courts (Counts I and IV), retaliating against him (Count II), and denying him due process (Count III).[1]  ECF Nos. 1, 4.  After conducting the screening required by 28 U.S.C. § 1915A(b), the Court DISMISSES the Complaint with leave to amend.

---

[1] Grindling names in their individual and official capacities the director of the Sand Island Treatment Center, Tyrone Spears, and U.S. Probation and Pretrial Services officer Erin

If Grindling wants to proceed with this action, he must file an amended pleading that cures the noted deficiencies in his claims on or before **June 15, 2026**. Alternatively, Grindling may inform the Court in writing on or before **June 15, 2026**, that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g). Failure to comply with the Court's instructions could result in automatic dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

## I. <u>BACKGROUND</u>

The Complaint alleges the following facts, which the Court accepts as true for the purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). At an unspecified time, Grindling was at Sand Island Treatment Center (SITC). ECF No. 1 at pg. 6. Because SITC did not have a law library, Grindling asked SITC's director, Tyrone Spears, if he could hire an attorney. *Id.* Spears informed Officer Patrick of Grindling's request, and Grindling was removed from SITC the next day. *Id.* According to Grindling, this should not have happened because he had not violated any SITC rule. *Id.* at pg. 7.

---

Patrick. ECF No. 1 at pgs. 1–2. Grindling also includes in the case caption ten Doe defendants. *Id.* at pg. 1.

After being removed from SITC, Grindling was transferred to FDC Honolulu.  ECF No. 4 at pg. 1.  While there, Grindling alleges that he was denied access to the courts, writing materials, and "law books" that he had ordered.  *Id.* at pgs. 1–3.

Grindling commenced this lawsuit after signing the Complaint on March 26, 2026.  ECF No. 1 at pg. 9.  Grindling alleges that he was denied access to the courts (Counts I and IV), retaliated against (Count II), and denied due process (Count III).  ECF No. 1 at pgs. 6–8; ECF No. 4.  Grindling paid the required filing fee on May 8, 2026.  ECF No. 6.

## II.  <u>STATUTORY SCREENING</u>

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen all prisoner pleadings against government officials.  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  28 U.S.C. § 1915A(b); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a

complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. <u>DISCUSSION</u>

**A. Rule 8**

Rule 12(b)(6) is read in conjunction with Rule 8 of the Federal Rules of Civil Procedure. *Zixiang Li v. Kerry*, 710 F.3d 995, 98–99 (9th Cir. 2013). Rule 8(a)(2) requires every pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). One of the reasons for this requirement is to "give the defendant fair notice of what the claim

is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

The Supreme Court has explained that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (cleaned up). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (cleaned up). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up).

Here, the Complaint does not meet the requirements of Rule 8. Before any of Grindling's claims can proceed, he must allege additional supporting facts. *See Tamayo v. City of Glendale*, No. 19-cv-10284, 2020 WL 136633, at *1 (C.D. Cal. Jan. 13, 2020) ("Plaintiff fails to allege the basic who, what, when, where, and why of his claims against Defendants."). For example, Grindling must specify which Defendants violated his rights, how they did so, and when the alleged violation occurred. In deciding which claims, if any, he wants to pursue in this lawsuit, Grindling should consider the following legal and procedural standards.

## B. Legal Framework for Claims under 42 U.S.C. § 1983

Gindling has indicated that he is bringing this lawsuit pursuant to 42 U.S.C. § 1983. ECF No. 1 at pg. 1.

5

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original).  To state a claim under 42 U.S.C. §1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

To the extent the events described in the Complaint occurred while Grindling was a federal pretrial detainee, and he seeks to assert claims against federal government actors, he cannot do so under 42 U.S.C. § 1983.  *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors.").

## C.  *Bivens*

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized a cause of action for damages against federal officials in their individual capacities who violate a person's constitutional rights.  The Supreme Court has said, however, that recognizing such a cause of action is now a "disfavored judicial activity."  *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (internal quotation marks and citation omitted).

6

In *Bivens* cases, the Court applies a two-step framework to decide whether a remedy exists. At step one, the Court asks "whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action."[2] *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 139–40 (2017)) (alteration in original). If a case presents a new context, the Court proceeds to the second step. At step two, the Court asks whether "there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at 492 (quoting *Ziglar*, 582 U.S. at 135–36). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 596 U.S. at 492 (quoting *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020)).

---

[2] In *Bivens*, the Court held that a plaintiff could seek damages from Federal Bureau of Narcotics agents who allegedly violated the Fourth Amendment right to be free from unreasonable searches and seizures. 403 U.S. at 397. The Court extended the *Bivens* remedy in *Davis v. Passman*, where a plaintiff alleged that her employer, a Member of Congress, had discriminated against her because of her sex, in violation of the Due Process Clause of the Fifth Amendment. 442 U.S. 228, 230–31 (1979). Finally, in *Carlson v. Green*, the Court held that the estate of a deceased inmate could seek damages from federal prison officials who allegedly violated the inmate's Eighth Amendment right to be free from cruel and unusual punishment by failing to treat severe asthma that ultimately resulted in the prisoner's death. 446 U.S. 14, 16–18 (1980).

Here, to the extent Grindling seeks damages against federal actors in their individual capacities by alleging that he was denied access to the court, retaliated against, and denied due process, no *Bivens* remedy is available.[3] *See Vega v. United States*, 881 F.3d 1146, 1148 (9th Cir. 2018) (holding that no *Bivens* remedy is available for access to court claims); *Egbert v. Boule*, 596 U.S. 482, 498–99 (2022) ("We hold that there is no *Bivens* action for First Amendment retaliation."); *Zavala v. Rios*, 721 F. App'x 720, 722 (9th Cir. 2018) (affirming district court's conclusion that no Bivens remedy is available for procedural due process claim).

## D. Injunctive Relief

If Grindling seeks injunctive relief, in some circumstances, a plaintiff may file a non-*Bivens* action to stop ongoing constitutional violations. *See Bacon v. Core Civic*, No. 2:20-cv-00914-JAD-VCF, 2020 WL 3100827, at *6 (D. Nev. June 10, 2020) (footnote omitted). For example, injunctive relief might be available where a plaintiff: (1) invokes jurisdiction under 28 U.S.C. § 1331; (2) alleges facts sufficient to state a colorable ongoing constitutional claim; (3) sues and identifies the person who would be responsible for carrying out any order for injunctive

---

[3] Even if a *Bivens* remedy were available, Grindling's claims against Officer Patrick would have to be dismissed. *See Reyes v. U.S. Dist. Ct. for the W. Dist. of Washington*, No. CV 08-005159, 2008 WL 4103973, at *3 (W.D. Wash. Aug. 20, 2008) ("As actions under section 1983 and *Bivens* are identical except for replacement of the state for federal actor, a [federal] probation officer is similarly entitled to immunity in a *Bivens* action.").

relief; and (4) requests particular injunctive relief that is specifically and narrowly targeted to resolving the ongoing violation. *See id.*

To the extent any such claims would be based on events at SITC, however, they would be moot because Grindling is now at FDC. *See Dilley v. Gunn*, 64 F.3d 1365, 1367 (9th Cir. 1995) (concluding that case became moot upon plaintiff's transfer to another prison facility); *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility."). Grindling has not demonstrated a reasonable expectation that he will be transferred back to SITC and that his rights would be violated in the same way upon his return. *Dilley*, 64 F.3d at 1369.

Also, if Grindling is suggesting that he is being denied access to the court in his ongoing criminal case—a case in which he is represented by court-appointed counsel—such a claim could not proceed. *United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982) ("The offer of court-appointed counsel to represent [defendant] satisfied the Fifth Amendment obligation to provide meaningful access to the courts.").

## E. Joinder

Grindling asserts claims against multiple defendants based on events that occurred both at SITC and FDC Honolulu. ECF Nos. 1, 4.

When a single defendant is named in a lawsuit, a party may bring as many claims as it has against that defendant. Fed. R. Civ. P. 18(a). "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, No. CIV 10-00305 JMS/KSC, 2010 WL 2218631, at *3 (D. Haw. June 2, 2010). Rule 20(a)(2) allows multiple defendants to be joined in one action only if (1) any right to relief is asserted against them jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2)(A), (B). "Unrelated claims involving different defendants belong in different suits." *What v. Honolulu Police Dep't*, No. CIV. 13-00373 HG-RLP, 2014 WL 176610, at *4 (D. Haw. Jan. 13, 2014).

If Grindling decides to file an amended complaint, he may state several claims against a single defendant. Fed. R. Civ. P. 18. He may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Grindling may not, however, pursue a combination of unrelated claims in a single suit. *See Char v. Kaiser Hosp.*, No. CV 18-00345 JAO-RLP, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions."). The fact that

Grindling's various claims all appear to be based on events that occurred during a period of pretrial detention, without more, is not enough to join them in a single lawsuit. *See Woolen v. Ramos*, No. CV 24-00158 LEK-KJM, 2024 WL 3361116, at *4 (D. Haw. July 10, 2024). An attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

## F. Doe Defendants

The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, although Rule 10 requires a plaintiff to include the names of all parties in his complaint. Fed. R. Civ. P. 10(a). Doe defendants are generally disfavored, however, because it is effectively impossible for the United States Marshal to serve an anonymous defendant. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored." (citation omitted)).

A plaintiff may refer to unknown defendants as John or Jane Doe 1, John or Jane Doe 2, and so on, but he must allege specific facts showing how each Doe defendant violated his rights. The plaintiff may then use the discovery process to obtain the names of doe defendants and seek leave to amend to name those defendants, unless it is clear that discovery will not uncover the identities, or that

11

the complaint will be dismissed on other grounds.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

Although Grindling names as Defendants "Doe 1–10," ECF No. 1 at pg. 1, he fails to allege how any specific Doe defendant violated his rights.  *See Conklin v. Espinda*, No. CV 19-00087 JMS-RT, 2019 WL 2397802, at *6 (D. Haw. June 6, 2019) (dismissing claims against unknown defendants where plaintiff failed to explain how each doe defendant personally violated plaintiff's civil rights).

## IV.  <u>LEAVE TO AMEND</u>

The Complaint, ECF Nos. 1, 4, is DISMISSED with leave to amend. Grindling must file any amended pleading on or before **June 15, 2026**.  Grindling may not expand his claims beyond those already alleged herein or add new claims without explaining how any new claims relate to the claims alleged in the Complaint.  Claims that do not properly relate to those in the Complaint are subject to dismissal.

Grindling must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding

complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

### V.  <u>28 U.S.C. § 1915(g)</u>

If Grindling fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. §1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### VI.  <u>CONCLUSION</u>

(1) The Court DISMISSES the Complaint, ECF Nos. 1, 4, with leave to amend.

(2) If Grindling wants to proceed with this action, he must file an amended pleading that cures the noted deficiencies in his claims on or before **June 15, 2026**.

(3) ALTERNATIVELY, instead of filing an amended pleading, Grindling may inform the Court in writing on or before **June 15, 2026**, that he would like to

voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

(4) Failure to comply with these deadlines may result in AUTOMATIC DISMISSAL of this suit without further notice, and Grindling may incur a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Grindling a blank prisoner civil rights complaint form so that he can comply with this order if he wants to pursue any of his claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii May 15, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**CHRIS GRINDLING VS. TYRONE SPEARS;** *et al.***; CV 26-00139 LEK-WRP; ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE TO AMEND**

14